# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | | |
|---|---|---|
| **Isaac Martinez Ocampo &** | X | |
| **Orovelio Martinez Belardo** | X | |
| *Plaintiffs*, | X | |
| | X | |
| v. | X | Case No. |
| | X | |
| **Alejandro Mayorkas**, Secretary, | X | |
| Department of Homeland Security; | X | |
| **Tracy Renaud** Acting Director, | X | |
| U.S. Citizenship and Immigration Services, | X | |
| *Defendants*. | X | |
| _____/ | | |

## COMPLAINT FOR ISSUANCE OF WRIT OF MANDAMUS

To the Honorable Judge of Said Court:

## I. INTRODUCTION

Plaintiffs bring this action requesting that this Court compel Defendants to adjudicate a Form I-601, Application for Waiver of Grounds of Inadmissibility ("Form I-601"), and a Form I-212, Application for Permission to Reapply for Admission into the United States After Deportation or Removal ("Form I-212"). On or about February 24, 2020, United States Citizenship and Immigration Services ("USCIS") received the Form I-601 and the Form I-212 that are the subject of these proceedings. The Form I-601 and Form I-212 remain pending with USCIS as of the submission of this complaint.

## II. PARTIES

1. That the Plaintiff **Isaac Martinez Ocampo** is a native and citizen of the United States.

2. That the Plaintiff, **Orovelio Martinez Belardo (A 098 956 425)**, is a native and citizen of Mexico.

3. That the Defendant, **Alejandro Mayorkas**, the Secretary of the Department of Homeland Security.  He is responsible for the administration and enforcement of the Immigration and Nationality Act in accordance with 8 U.S.C. §1101 *et seq*.  Defendant Mayorkas is being sued in an official capacity.

4. That the Defendant, **Tracy Renaud**, is the Acting Director of USCIS, an agency of the United States government involved in the acts challenged in this action.  Defendant Renaud is being sued in an official capacity.

## III. JURISDICTION

5. That this is a civil action brought pursuant to 28 U.S.C. §1331 and §1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiffs, by which jurisdiction is conferred, to compel Defendants to perform duties owed to Plaintiffs.

6. That jurisdiction is also conferred by 5 U.S.C. §704.  Plaintiffs are aggrieved because the agency is withholding action in this case, as the

Administrative Procedure Act requires in order to confer jurisdiction on the District Courts, 5 U.S.C. §§702 *et seq.*

7. That the aid of the Court is invoked under 28 U.S.C. §2201 and §2202, authorizing a declaratory judgment.

8. That costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act. 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq*.

### IV. VENUE

9. That venue is proper in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C § 1391(e), as Plaintiff Isaac Martinez Ocampo resides in Polk County, Florida, within the territorial limits of this Judicial District.

### V. REMEDY SOUGHT

10. That Plaintiffs ask this Court to compel Defendants to adjudicate the Form I-601 and Form I-212 received by Defendants on or about February 24, 2020.

### VI. CAUSE OF ACTION

1. That Plaintiff Isaac Martinez Ocampo ("Issac") is a citizen of the United States ("USC").

2. That Plaintiff Orovelio Martinez Belardo ("Orovelio") is a native and citizen of the Mexico who arrived in the United States without inspection in or about 2000.

3. That Isaac is the adult of Orovelio.

4. That an Immigration Judge ordered Orovelio removed from the United States on November 1, 2007. Orovelio was thereafter physically removed to Mexico.

5. That on September 8, 2017, Isaac submitted a Form I-130, Petition for Alien Relative, on behalf of Orovelio seeking to accord him an immigrant visa as the parent of a USC in accordance with 8 U.S.C. §1151(b)(2)(A)(i).

6. That on March 16, 2018, USCIS approved Isaac's Form I-130 and a notice of the approval was sent to the National Visa Center.[1]

7. That the above-mentioned Form I-130 is not the subject of these proceedings.

8. That following an interview at the United States Consular Office ("USCON") in Ciudad Juarez, Mexico, Orovelio was deemed inadmissible

---

[1] The function of the National Visa Center ("NVC") is to accept approved immigrant visa petitions and to forward these petitions to Consular Offices throughout the world for Consular Processing. Generally, the NVC is responsible for much of the "front end" processing of an approved petition (i.e. acceptance of fees, acceptance of applications, acceptance of documents, etc.). Once the NVC is satisfied that an immigrant visa can be issued to the beneficiary of an immigrant visa petition, the NVC schedules an interview before the Consular Officer and forwards the case to the designated U.S. Consulate.

to the United States. With that said, Orovelio remained eligible to seek certain "waivers" of inadmissibility through application to United States Citizenship and Immigration Services.

9. That Orovelio submitted a Form I-601 and a Form I-212 to Defendants on February 24, 2020. The Form I-601 was assigned receipt number LIN 20 902 30610 and the Form I-212 was assigned receipt number LIN 20 902 31078.

10. That Orovelio submitted a Form I-601 seeking a waiver of inadmissibility to overcome the grounds described at 8 U.S.C. §1182(a)(2)(A)(i)(I).[2]

11. That Plaintiff Martinez submitted a Form I-212 seeking consent to reapply for admission to the United States before lawfully returning to the United States.[3]

12. That following issuance of receipts, the agency has failed to take any further action with regards to Orovelio's Form I-601 and Form I-212.

13. That Plaintiff contends that there is no reason why the pending Form I-601 and Form I-212 cannot be adjudicated. USCIS has had ample time in

---

[2] "[A]ny alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime."
[3] *See* 8 U.S.C. §1182(a)(9)(A).

which to complete the necessary steps for Plaintiff Orovelio's applications to be adjudicated.

14. That Defendants have a "clear duty" to act on Orovelio's Form I-601 and Form I-212 by adjudicating these applications within a "reasonable" period following its receipt.

15. That USCIS is currently reporting on its website (www.uscis.gov) that it is adjudicating Forms I-601 at its Nebraska Service Center in 1.5 to 6 months. As explained by USCIS, the agency reports that it takes 1.5 months to process 50% of cases similar to Orovelio's and 6 months to process 93% of similar cases.

16. That Plaintiff's Form I-601 has remained pending for approximately 12 months.

17. That USCIS is currently reporting on its website (www.uscis.gov) that it is adjudicating Form I-212 at its Nebraska Service Center in 1.5 to 6 months. As explained by USCIS, the agency reports that it takes 1.5 months to process 50% of cases similar to Orovelio's and 6 months to process 93% of similar cases.

18. That Orovelio's Form I-212 has remained pending for approximately 12 months.

19. That the methodology used by the agency to determine how processing times are reported and when an inquiry can be made before the National Customer Service Center ("NCSC") is unknown to Plaintiffs.

20. That Orovelio's applications have remained pending beyond a "reasonable" period and far beyond reported processing times without explanation and without any indication as to when these applications will be adjudicated.

21. That Plaintiffs seek the aid of this Court in ordering Defendants to adjudicate the pending applications. Determining otherwise would prevent a qualified individual from obtaining a determination on the merits of the pending applications based on delays attributable to Defendants and for which Plaintiffs are not to blame.

22. That mandamus is appropriate because there is no other remedy at law. Through the instant action, Plaintiffs seek to compel the government to reach a decision in this matter. Plaintiffs' causes of action arise from administrative action wrongfully withheld, pursuant to the Mandamus Act and the Administrative Procedure Act.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court:

1. Accept jurisdiction and maintain continuing jurisdiction of this action;

2. Conduct such hearings and examinations of Plaintiffs as is necessary to determine that the relief requested by Plaintiffs is warranted as a matter of law;

3. Declare Defendants' actions, or their failure to act in this matter, arbitrary and capricious, an abuse of discretion and not in accordance with law pursuant to 5 U.S.C. §706(1);

4. Issue a preliminary and permanent injunction pursuant to 28 U.S.C. §1361 and 5 U.S.C. §706(1) compelling Defendants to adjudicate Orovelio's Form I-601 and Form I-212;

5. Issue a writ in the nature of mandamus, pursuant to 28 U.S.C. §1361 and 5 U.S.C. §706(1), compelling Defendants to adjudicate Orovelio's Form I-601 and Form I-212;

6. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. §2412;

7. Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

/s/ David Stoller /s/
David Stoller, Esquire
Attorney for Plaintiffs
Florida Bar #92797
Law Offices of David Stoller, PA
4445 S. Conway Rd.

Orlando, Florida 32812
Phone: (407) 999-0088
Fax: (407) 382-9916

9

# Table of Contents
## Documents in Support of Complaint

**Isaac Martinez Ocampo and Orovelio Martinez Belardo v.
Alejandro Mayorkas, Secretary, Department of Homeland Security, *et al*.**

Exhibit 1:  Form I-797C, Notice of Action, pertaining to Form I-601 filed by Plaintiff;

Exhibit 2:  USCIS Web Portal information relating to Form I-601 (LIN 20 902 30610);

Exhibit 3:  Current Published Processing Report relating to the Nebraska Service Center and USCIS Explanation of Processing Times;

Exhibit 4:  USCIS Information Sheet discussing how to read agency Processing Reports;

Exhibit 5:  Form I-797C, Notice of Action, pertaining to Form I-212 filed by Plaintiff;

Exhibit 6:  USCIS Web Portal information relating to Form I-212 (LIN 20 902 31078);

Exhibit 7:  Current Published Processing Report relating to the Nebraska Service Center.